

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. W. Pitman
County Auditor
Fayette County
LaGrange, Texas

Dear Sir:

This Opinion
Overrules Opinion
# O-2407

Opinion No. O-5099
Re: Neither county nor county
officials are required to
pay recording fees to the
county clerk for recording
county officials' bonds.

Your request for opinion upon the following stated
questions:

"1. Are the various County Officials of
Fayette County, such as the Tax Assessor-Collec-
tor, Sheriff, County Attorney, District Clerk
and Treasurer legally liable to the County Clerk
for the recording of their respective official
bond after said bonds have been approved by the
Commissioners' Court?

"2. If the respective County Officials
are not liable to the County Clerk for the re-
cording of said Officials' bonds, then is the
County liable, or is the County Clerk required
to record such bonds under his Ex-Officio com-
pensation?"

has been received and carefully considered by this department.

Article 6000, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

"All officials bonds of county officers
that are required by law to be approved by the
commissioners court, and which have been so ap-
proved, shall be made payable to the county

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Judge and safely kept and recorded by the county clerk in a book kept for that purpose."

Honorable R. V. Davidson, Attorney General of Texas, on December 12, 1906, construed Article 3575 of the Revised Civil Statutes of 1895, which is almost identical with Article 6000, V. A. C. S., and held that neither a county officer nor the county was liable to the county clerk for recording the official bond of a county officer and that it was the duty of the clerk to record the officials' bonds without charging any fees therefor. See Opinions of the Attorney General of Texas, 1906-08-10, pages 370-1.

The recording of the official bonds inquired about are not for the benefit of the individual officers but are for the public benefit and it is the statutory duty of the clerk under Article 6000, V. A. C. S., supra, to keep and record all official bonds of county officials which have been approved by the commissioners' court in requirement of law. The statute does not prescribe any fee to the clerk for performing this service.

We answer your first question in the negative.

In answer to your second question, it is our opinion that the county is not liable to the clerk for any recording fees and that it is the mandatory duty of the clerk to record said official bonds without charging any fee therefor. The county clerk of Fayette County is under the Officers' Salary Law and of course receives a regular salary but does not receive any "Ex-officio compensation."

Opinion No. O-2409 of this department is overruled only insofar as it conflicts with this holding.

APPROVED FEB 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

VJF:db

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN